# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 6, 2010 Session

## DONNA FAYE SHIPLEY ET AL. v. ROBIN WILLIAMS

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 02C-3204      Barbara N. Haynes, Judge**

**No. M2007-01217-SC-R11-CV - Filed August 11, 2011**

JANICE M. HOLDER, J., concurring.

I concur in the majority opinion but write separately to address the dissenting opinion's assertion that the "sky is falling." The majority opinion has not substantially altered "the standard of review of summary judgments based on the inadmissibility of evidence relating to an essential element of the nonmoving party's case." Despite Justice Koch's statements to the contrary, after the release of this opinion, appellate courts will continue to review evidentiary determinations using an abuse of discretion standard. Stating otherwise does not advance this discussion.

Medical malpractice cases, like Ms. Shipley's claim against Dr. Williams, are governed in part by a statute that sets forth the elements a plaintiff must prove to recover damages. Tenn. Code Ann. § 29-26-115(a) (Supp. 2010). The statute also governs the competency of testifying experts. Tenn. Code Ann. § 29-26-115(b). Added to this interplay are the Tennessee Rules of Evidence.

When we construe a statute and its application to the facts of a case, our review is de novo. Larsen-Ball v. Ball, 301 S.W.3d 228, 232 (Tenn. 2010). An expert must be "competent to testify" concerning the three elements the plaintiff must prove to recover. The expert's competency is governed by the two requirements of subsection (b). The proffered expert must be "licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case." Tenn. Code Ann. § 29-26-115(b). The proffered expert also must have "practiced this profession or specialty in one . . . of these states during the year preceding the date that the

alleged injury or wrongful act occurred." Tenn. Code Ann. § 29-26-115(b).[1] Section 29-26-115 is clear that a witness who satisfies subsection (b) is competent to testify as to the elements in subsection (a), including the standard of care the plaintiff must prove.

Once the expert's competency is established, the plaintiff must provide evidence through its expert of the three elements set forth in subsection 29-26-115(a): (1) the recognized standard of care in the defendant's community or in a similar community; (2) that the defendant failed to comply with the standard of care; and (3) that the plaintiff suffered injuries as a proximate result of the defendant's failure to comply with the standard of care. Tenn. Code Ann. § 29-26-115(a).

Dr. Williams moved for summary judgment in part on the basis that one of Ms. Shipley's proffered experts, Dr. Rerych, was unfamiliar with the standard of care set forth in subsection (a)(1).[2] This subsection states that the plaintiff must prove "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred." Tenn. Code Ann. § 29-26-115(a)(1) ("the locality rule"). Ms. Shipley has the burden of proving this element "by a preponderance of the evidence." Tenn. Code Ann. § 29-26-115(d). A jury is instructed

---

[1] The subsection also provides, "The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available." Tenn. Code Ann. § 29-26-115(b).

[2] The trial court also excluded the testimony of Dr. Shaw, an emergency room physician who was one of Ms. Shipley's proffered experts, finding that Dr. Shaw was not competent to testify pursuant to section 29-26-115(b). As the majority opinion observes, a physician can satisfy subsection (b) if the physician practices in a specialty that is relevant to the medical malpractice claim. See Cardwell v. Bechtol, 724 S.W.2d 739, 751 (Tenn. 1987); Searle v. Bryant, 713 S.W.2d 62, 65 (Tenn. 1986). Dr. Shaw is a physician who is board-certified in emergency medicine and who has practiced medicine for thirty-three years. He testified that he was familiar with both the standard of care applicable to a surgeon who communicates with an emergency room physician concerning a patient and the standard of care applicable to physicians who are responsible for the patient's care following the emergency room visit. Because Ms. Shipley's medical malpractice claim concerns Dr. Williams's actions following Ms. Shipley's emergency room visit, the majority correctly reversed the decision of the lower courts excluding Dr. Shaw's testimony.

concerning its role in this determination.[3]  Tenn. Code Ann. § 29-26-115(d).  The trial court may not substitute its judgment for that of the trier of fact.

The trial court ruled that Dr. Williams was entitled to summary judgment because the testimony of Dr. Rerych was inadmissible pursuant to the locality rule.  To be admissible, Dr. Rerych's expert testimony must comply with Tennessee Rules of Evidence 702 and 703. Brown v. Crown Equip. Corp., 181 S.W.3d 268, 273 (Tenn. 2005).

Tennessee Rule of Evidence 702 provides that an expert witness may testify in the form of an opinion if the witness's specialized knowledge "will substantially assist the trier of fact."  Tennessee Rule of Evidence 703 permits an expert witness to base his opinion on facts or data "perceived by or made known to the expert at or before the hearing." Furthermore, Rule 703 allows an expert witness to develop an opinion based on facts or data that are inadmissible, but the rule instructs courts to disallow an expert's opinion based on facts or data that "indicate a lack of trustworthiness."  Tenn. R. Evid. 703.

We will reverse a trial court's determination as to the admissibility of expert testimony only if the trial court abused its discretion, for example, by applying an incorrect legal standard and thereby prejudicing the complaining party.  Brown, 181 S.W.3d at 273.  In this case, the trial court found that Dr. Rerych "does not satisfy the requirements of Tenn. Code Ann. § 29-26-115."  The trial court elaborated, "Dr. Rerych did not demonstrate familiarity with the standard of care for general surgeons in Nashville, Davidson County, Tennessee," where Dr. Williams practiced at the time of Ms. Shipley's injury.  "Nor did he demonstrate that Asheville, North Carolina," the community in which Dr. Rerych practiced at the time of Ms. Shipley's injury, "is a similar community to Nashville, Tennessee."

Dr. Rerych's competency to testify pursuant to Tennessee Code Annotated section 29-26-115(b) was undisputed.  The pertinent issue therefore is whether Dr. Rerych's opinion of the standard of care in Nashville or a similar community was based on sufficiently

_____

[3] The Tennessee Pattern Jury Instructions for "Standard of Medical Care Determined by Expert Testimony" state,

> It is your obligation to determine the recognized standard of acceptable professional practice in a defendant's profession for this or a similar community.  In making this determination, you may consider only the opinions of the physicians, including the defendant, who have testified concerning this standard.  Consider each opinion and the reasons given for this opinion, as well as the qualifications of the witnesses, giving each opinion the weight you believe it deserves.

8 Tenn. Prac. Pattern Jury Instr. T.P.I.–Civil § 6.18, p. 225 (9th ed. 2008).

trustworthy facts or data so that it would substantially assist the trier of fact in determining the applicable standard of care. Tenn. Code Ann. § 29-26-115(a)(1); Tenn. R. Evid. 702, 703. As stated in the majority opinion, Dr. Rerych testified in his deposition as to specific facts supporting his assertion that he is familiar with the applicable standard of care. See Tenn. R. Civ. P. 56.06. It is not necessary that the trial court agree with Dr. Rerych. It is only necessary that the trial court find that Dr. Rerych has the appropriate qualifications pursuant to Tennessee Code Annotated section 29-26-115(b) and Tennessee Rule of Evidence 702 and that he bases his opinion on trustworthy facts or data as required by Tennessee Rule of Evidence 703. The trial court must bear in mind that Dr. Rerych's testimony would be subject to "vigorous cross-examination and countervailing proof." Brown, 181 S.W.3d at 275. The trier of fact, not the trial court, bears the responsibility of weighing expert testimony and resolving "legitimate but competing expert opinions." Id.

Applying Tennessee Rules of Evidence 702 and 703 and Brown, Dr. Rerych's testimony will substantially assist the trier of fact in determining the element set forth in section 29-26-115(a)(1), the standard of care in Nashville or a similar community. The trial court failed to recognize the interplay of the Rules of Evidence and section 29-26-115(a)(1). In applying an incorrect legal analysis, the trial court precluded Ms. Shipley from presenting competent evidence of her medical malpractice claim to a trier of fact. The trial court therefore abused its discretion.

The sky has not fallen. The majority opinion has not charted new territory. Instead, it has applied an abuse of discretion standard in reviewing the trial court's exclusion of Dr. Rerych's opinion and has determined, correctly, that the trial court erred.

_____
JANICE M. HOLDER, JUSTICE